# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3867

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Randall Allen Herbst, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 22, 2011
Filed: January 30, 2012

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Randall Allen Herbst appeals his conviction following a jury trial of one count of attempting to entice a minor to engage in illicit sexual activities, in violation of 18 U.S.C. § 2422(b). Herbst claims the district court[1] erred in denying his motion to dismiss the indictment on Speedy Trial Act grounds, in refusing to give the jury an entrapment instruction, and in denying a post-judgment motion for a new trial based on newly discovered evidence. He also asserts that there is insufficient evidence to

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation in the Southern District of Iowa.

support his conviction because there was no proof that he performed a substantial step towards completion of the crime. We affirm.

I.

"We state the facts in the light most favorable to the jury verdict." United States v. Jenkins-Watts, 574 F.3d 950, 956 (8th Cir. 2009), cert. denied, 130 S. Ct. 1915 (2010). On June 3, 2010, Herbst entered an internet chat room and began a conversation with "Brooke," who was identified as a 13 year old female from Low Moor, Iowa, but was actually Detective Jessup Schroeder of the Clinton County Sheriff's Office. Herbst introduced sexual topics in his conversation with "Brooke," and Herbst made arrangements to meet "Brooke" at the Low Moor community center the next day.

On June 4, Herbst again chatted with "Brooke" through the internet chat room and engaged in explicit sexual conversations. Herbst then requested permission to call "Brooke," but before doing so, Herbst changed his request, asking that "Brooke" call him. Deputy Schroeder engaged the help of a female secretary at the sheriff's office to play the role of "Brooke" during a telephone conversation with Herbst. During the telephone conversation, Herbst and "Brooke" discussed their plans to meet at the community center. At 1:20 PM on June 4, Herbst concluded his online conversation with "Brooke." At 2:50 PM, officers spotted Herbst's truck in Low Moor. Herbst drove by the community center once, and upon returning in the direction of the community center, he sent "Brooke" two texts—the first noting that there were "lots of people" at the community center, and the second instructing "Brooke" to walk towards the road. Herbst pulled his truck into the community center parking lot, where he was stopped by Deputy Kevin Cain and arrested. Upon being arrested, Herbst made an unsolicited statement asking if he was being arrested "for the child porn thing."

At the sheriff's office, Herbst waived his <u>Miranda</u>[2] rights and admitted to having sexually explicit conversations with "Brooke" and with "Jenny," another of Deputy Schroeder's online personas. Herbst admitted that he had made plans to meet "Brooke" in Low Moor but claimed that he was doing so only to give her a ride home.

At trial, Herbst took the stand in his own defense. He admitted that he often had online sexual discussions, but that the discussions were merely fantasy. As to his actions on June 4, Herbst testified that he was driving to Maquoketa, Iowa, to drop off a dishwasher at an apartment complex and that he decided that he did not want to go through with the meeting with "Brooke." Herbst claimed he drove to Low Moor only because he did not wish for "Brooke" to be in harm's way. He also claimed during his testimony that had "Brooke" been real, he would have contacted the police or talked with "Brooke's" father about her online behavior.

Herbst requested an entrapment instruction. The district court denied the instruction, finding that the evidence presented at trial did not warrant it. The jury found Herbst guilty of the one count of attempted enticement of a minor to engage in illicit sexual activity. After the trial, Herbst filed a motion for a new trial, based on the discovery that Herbst had communicated with Deputy Schroeder's "Brooke" and "Jenny" personas as far back as March 2010. Herbst claimed that this additional information supported his claim of entrapment and thus warranted the granting of a new trial. The district court denied the motion, holding that it was "improbable that the newly discovered on-line chats would produce an acquittal at a new trial."

II.

In this appeal, Herbst contends that (1) the district court erred in denying his motion to dismiss the indictment on the grounds that his rights under the Speedy Trial

---

[2]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

Act were violated, (2) there was insufficient evidence presented at trial that he performed a substantial step towards completion of the enticement of a minor offense, (3) the district court erred when it denied his request for an entrapment instruction, and (4) the district court abused its discretion when it denied his motion for new trial based on newly discovered evidence. We address each contention in turn.

## A.

Herbst asserts the district court erred in excluding two specific periods of time for purposes of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. For there to be a violation of the Speedy Trial Act, the court must find that both periods of time cannot be excluded for speedy trial purposes, as the proper exclusion of either period of time makes the trial timely. The first period of time Herbst claims was improperly excluded starts with the date he appealed the magistrate judge's detention order to the district court, July 27, 2010, and ends on the date that the district court decided that appeal, September 3, 2010. The second period of time was from August 16, 2010, when Herbst's counsel moved for a continuance of the trial date against Herbst's wishes, until October 4, 2010, the date the court reset for trial.

As we consider this issue, we review the district court's factual findings for clear error and its legal conclusions de novo. See United States v. Aldaco, 477 F.3d 1008, 1016 (8th Cir. 2007) (standards of review). "The [Speedy Trial] Act requires that trial begin within 70 days after a defendant is charged or makes an initial appearance unless the running of the time is stopped for reasons set out in the statute." United States v. Lucas, 499 F.3d 769, 782 (8th Cir. 2007) (en banc). If the defendant is not brought to trial within this period, the indictment must be dismissed on the defendant's motion. 18 U.S.C. § 3162(a)(2). The Act automatically excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

Herbst argues that the court should not exclude the time period resulting from his appeal of the magistrate judge's detention order because the appeal did not cause a delay in the criminal trial. The Supreme Court has recently held that a section 3161(h)(1)(D) exclusion remains applicable "irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." United States v. Tinklenberg, 131 S. Ct. 2007, 2011 (2011), see also United States v. Hohn, 8 F.3d 1301, 1305 (8th Cir. 1993) (holding that motion challenging pretrial detention was excludable under Act). Thus, the district court properly excluded 30 days of the period of time for speedy trial purposes.[3]

The second period of time, which overlapped the first, that was excluded from the speedy trial calculation was caused by Herbst's counsel's motion for a continuance, which Herbst opposed. The Act excludes from the speedy trial calculation "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . ." 18 U.S.C. § 3161(h)(7)(A). We agree with the Sixth Circuit that the plain language of section 3161(h)(7)(A) "does not require a defendant's consent to the continuance 'if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" United States v. Sobh, 571 F.3d 600, 603 (6th Cir. 2009) (quoting 18 U.S.C. § 3161(h)(8)(A), now codified at 18 U.S.C. § 3161(h)(7)(A)); see also United States v. Stewart, 628 F.3d 246, 254 (6th Cir. 2010) (applying Sobh and finding no speedy trial violation where defendant sent letter indicating that he did not consent to his counsel's request for continuance of trial). Here, the district court determined that the ends of justice would be served by the continuance and made the necessary findings to support that determination. Herbst's opposition to his counsel's request for a continuance

---

[3]As we noted in Hohn, "[i]f the court requires time to consider the motion after all information is available, this time is limited [for purposes of exclusion of speedy trial time] to 30 days" under 18 U.S.C. § 3161(h)(1)(H). United States v. Hohn, 8 F.3d 1301, 1306 n.6 (8th Cir. 1993).

does not prevent that time from being excluded from the speedy trial calculation. Accordingly, the district court properly denied Herbst's motion to dismiss his indictment.

B.

Herbst next challenges his conviction, arguing that there was insufficient evidence presented at trial to show that he had performed a substantial step toward completion of the offense. Because Herbst moved for a judgment of acquittal, we review de novo his challenge to the sufficiency of the evidence presented at trial. United States v. May, 476 F.3d 638, 640-41 (8th Cir. 2007). In conducting the review, we consider the evidence presented at trial in the light most favorable to the verdict and draw all reasonable inferences in the government's favor. United States v. McAtee, 481 F.3d 1099, 1104 (8th Cir. 2007). We avoid weighing the evidence or assessing the credibility of the witnesses. United States v. Santana, 524 F.3d 851, 853 (8th Cir. 2008). Reversal is warranted only if no reasonable jury could have found guilt beyond a reasonable doubt. Id.

This is not the first time we have addressed the question of what constitutes a substantial step for the purposes of enticement of a minor to engage in sexual activity. We start by recognizing that under 18 U.S.C. § 2422(b),

> [i]n order to convict a defendant for enticement of a minor to engage in sexual activities, the government must prove beyond a reasonable doubt that the defendant: (1) "used a facility of interstate commerce, such as the internet or the telephone system;" (2) "knowingly used the facility of interstate commerce with the intent to persuade or entice a person to engage in illegal sexual activity;" and (3) "believed that the person he sought to persuade or entice was under the age of eighteen."

-6-

United States v. Young, 613 F.3d 735, 742 (8th Cir. 2010) (internal footnote omitted) (quoting United States v. Pierson, 544 F.3d 933, 939 (8th Cir. 2008)), cert. denied, 131 S. Ct. 962 (2011). To satisfy the attempt elements, the government must show intent to commit the predicate offense coupled with conduct that is a substantial step towards commission of the predicate offense. Id.

Herbst maintains that his conviction must be reversed because the government failed to show that he took a substantial step towards completion of the crime. Herbst claims the government failed to meet its burden of proof because (1) he did not engage in interstate or significant travel, (2) it was not conclusive that he was going to stop at the community center, (3) he had an independent reason for being in the area, and (4) there was no proof that he was prepared for a sexual encounter such as having a hotel room reserved or possessing condoms. "A substantial step generally exists when a defendant takes actions 'necessary to the consummation of the crime' that were of 'such a nature that a reasonable observer, viewing [the actions] in context could conclude . . . that [the actions were] undertaken in accordance with a design to' commit the actual offense." Id. at 743 (quoting United States v. Mims, 812 F.2d 1068, 1077 (8th Cir. 1987)). Despite Herbst's contentions of what was not shown at trial, we review what was actually presented to the jury. After having sexually explicit online conversations with "Brooke" during which Herbst made arrangements to meet with her for the stated purpose of engaging in sex, Herbst confirmed the plans in a telephone conversation with "Brooke." He then traveled to the Low Moor community center, which was the agreed-upon meeting location. After driving by the center once, Herbst circled back towards the center and texted "Brooke" with directions to walk towards the road, suggesting his intention to pick her up. As we have previously held, the act of driving to a planned meeting location is sufficient to show that a defendant took a substantial step towards commission of the crime. See United States v. Myers, 575 F.3d 801, 809 (8th Cir. 2009); United States v. Patten, 397 F.3d 1100, 1104 (8th Cir. 2005). We therefore hold that the government presented sufficient evidence from which the jury could convict Herbst for attempting enticement of a minor.

## C.

Next, Herbst challenges the district court's refusal to give the jury an entrapment instruction. We review this denial de novo. See Young, 613 F.3d at 743. "[A] defendant is entitled to an entrapment instruction only where 'there is sufficient evidence from which a reasonable jury could find entrapment.' '[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct.'" Id. at 746 (quoting Mathews v. United States, 485 U.S. 58, 62, 63 (1988)). "Inducement is government conduct that creates a substantial risk that an otherwise law-abiding person will commit a criminal offense." Myers, 575 F.3d at 806. "Inducement, however, must consist of something more than an opportunity to break the law." Id. "If the defendant exhibits any predisposition to engage in the criminal conduct, the district court need not instruct the jury on entrapment." United States v. Berg, 178 F.3d 976, 980 (8th Cir. 1999).

Herbst was not entitled to the entrapment instruction because he failed to overcome his burden of showing that he was not predisposed to commit the crime of enticement. Herbst conceded that he initiated sexual topics with "Brooke" and "Jenny," that he suggested what sexual activities he wished to participate in with the personas, that he suggested meeting with the personas, and that he asked "Brooke" to call him to confirm plans to meet. As for the phone conversation, Herbst makes much of the fact that the phone call with "Brooke" was placed by an employee of the sheriff's office. However, viewing this fact in isolation ignores that Herbst first requested permission to call "Brooke" and then requested that she call him instead. The evidence presented at trial clearly demonstrated that Herbst was predisposed to commit this crime, and thus the district court properly denied his request for an entrapment instruction.

D.

Finally, Herbst contends that he should have been granted a new trial on the basis of newly discovered evidence. At trial, officers testified that the first contact they had with Herbst was through an online conversation with the "Jenny" persona on May 13, 2010. After the conclusion of the two-day trial, the assistant United States attorney notified the court that officers had discovered evidence that Herbst had contact with Deputy Schroeder's online personas as early as March 3, 2010. On the basis of this evidence, Herbst sought a new trial, arguing that the evidence would support his claim of entrapment and that he did not intend to actually meet "Brooke" when he traveled to Low Moor in June.

We review for clear abuse of discretion the district court's denial of Herbst's motion for a new trial based on newly discovered evidence. United States v. Haskell, 468 F.3d 1064, 1076 (8th Cir. 2006). "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "To prevail on such a motion, the defendant must prove that (1) the evidence was unknown or unavailable at the time of trial, (2) the defendant did not lack diligence in attempting to uncover it, (3) the newly found evidence is material, and (4) the evidence is likely to produce an acquittal if a new trial is granted." United States v. Grover, 511 F.3d 779, 783 (8th Cir. 2007). To meet the materiality requirement, the newly discovered evidence cannot be merely cumulative or impeaching. United States v. Baker, 479 F.3d 574, 577 (8th Cir. 2007).

Herbst argues that the newly discovered transcripts would have aided him in his entrapment argument. The district court found it unlikely that the new chats would produce an acquittal at a new trial. Indeed, the district court observed that the chats "would strengthen the prosecution's case" because of the evidence that Herbst initiated sexual conversations with "Brooke" and "Jenny," directed "Jenny" to a pornographic website, and took other steps to "groom" the personas to engage in

sexual activities.  We agree—taking into account the overwhelming amount of evidence produced at trial—that this additional evidence would not have supported an entrapment argument and would be unlikely to produce an acquittal at a new trial. Rather, the evidence tends to support the conclusion reached by the jury.  We therefore find that the district court did not abuse its discretion in denying Herbst's motion for a new trial.

III.

Accordingly, we affirm.

_____