# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1758

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Louis Edward Cooke, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 16, 2011
Filed: April 10, 2012

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Louis Edward Cooke of one count of attempted sex trafficking of a minor, and one count of coercing and enticing a minor to commit a sexual act, in violation of 18 U.S.C. § 1591(a)(1) and § 2422(b). The district court[1] sentenced him to 120 months on each count, concurrently. Cooke appeals arguing the court erred in refusing to give an entrapment instruction, improperly admitting Rule 404(b) evidence, and dismissing a juror immediately before deliberation. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Law enforcement placed an internet ad while investigating sex-trafficking of children. The ad had the caption "Young and Irresistible." It read:

> More fun than a ride at 6 flags.
> Must see to believe these two sisters.
> Very cute and will make your dreams come true.

The next day, early in the morning of June 10, 2010, Cooke answered the ad by an email requesting "info please and pics." In mid-afternoon, the officers emailed a digitally-morphed photo of an underage girl and quoted prices for a half-hour or an hour with her. Cooke replied "Okay, I would like to set something up!!" During the rest of the afternoon and evening, 11 more emails were exchanged between Cooke and the officers who were posing as pimps for the underage girls. Cooke initiated nine of these (asking for a picture and info on the other sister in one of these). Cooke also had five phone contacts with the officers. He repeatedly tried to negotiate a cheaper price. During one phone conversation, the "pimp" told Cooke that his car would not start and asked Cooke to bring jumper cables to get it started (so the "pimp" would not lose his job). Later, in a call he initiated, Cooke offered to pay a reduced rate and asked to speak with "Sabrina" (he had previously received pictures and the ages of two girls–"Sabrina," age 15, and "Katie," age 13). A female officer pretending to be "Sabrina" talked to him briefly. Then the "pimp" gave directions to a house where he was to meet "Sabrina." The house was equipped with video/sound equipment for the undercover operation. At 10:30 p.m., the officers called Cooke (the only call they initiated) to determine if he really intended to come to the house (the officer said if Cooke would help him jump his car, he could get a reduced fee for "Sabrina"). Cooke came to the house around 11:15 p.m. He entered the house while talking to the "pimp." During the conversation, Cooke took his wallet out of his pocket and said he wanted to have his time with "Sabrina" in her bedroom. After agreeing to pay $60 for 15 minutes, he was arrested. (Cooke had $61 in his wallet.)

Cooke testified he thought the ad was a hoax and "pretended" to be interested to "pull their chain." He said he came to the house to determine if "Sabrina" existed, insisting if she were underage, he would not have engaged in sexual activity with her. He also said he came to assist with starting the car.

I.

At the jury-instruction conference, Cooke requested an entrapment instruction, which the government opposed. After argument, the judge denied the instruction. The refusal of a proffered entrapment instruction is a denial of a legal defense. *United States v. Young*, 613 F.3d 735, 744 (8th Cir. 2010). A denial of an instruction on entrapment is reviewed de novo. *United States v. Herbst*, 666 F.3d 504, 511 (8th Cir. 2012).

A defendant is entitled to an entrapment instruction only if "there is sufficient evidence from which a reasonable jury could find entrapment." *Id.* There are two elements to an entrapment defense: government inducement of the crime, and a defendant's lack of predisposition to commit the criminal offense. *Id.* The court is not required to give an entrapment instruction if there is sufficient evidence that the defendant has a predisposition to engage in the criminal act. *Id.* at 511-12, *citing United States v. Berg*, 178 F.3d 976, 980 (8th Cir. 1999).

Cooke emphasizes that the undercover officer initiated the fourth phone call at 10:30 p.m., arguing this is sufficient to require the entrapment instruction. The officer testified he called to determine if Cooke was coming to the undercover house (otherwise the operation could be shut down for the night). This call cannot be considered in isolation. *See United States v. Herbst*, 666 F.3d at 512. Cooke made the first contact with the officers. Throughout the five phone calls and 14 emails, he repeatedly sought assurances that he was not dealing with law enforcement. After learning the "girls" were 13 and 15 years old, he still requested photos and a meeting.

-3-

Several times he said he didn't have enough money and asked for a reduced rate, to pay part of the fee later, or for a "special." In one call he asked to speak with one of the girls. He drove to the undercover house, requesting directions en route. Entering the house, he took his wallet out of his pocket and told the undercover officer that "for privacy" he wanted to use the bedroom, rather than the couch. The evidence shows that Cooke was predisposed to commit the crime. The court did not err in refusing to give the entrapment instruction.

II.

During its case, the government introduced into evidence several pages of Cooke's email messages. Some were from Cooke to unidentified females, some bragged about sexual exploits to friends, and some were a stream of emails between Cooke and A. Roland. In April 2009, Cooke answered a Craigslist ad from a local college student (Roland). They exchanged sexually explicit emails. Roland asked Cooke, "I am 16 is that okay?" Cooke replied that "thats cool that ur young, but i don't want u to narc." There is no evidence Cooke did anything but email with Roland.

Cooke complains on appeal that this evidence was hearsay. He did not object at trial based on hearsay. Unobjected-to hearsay is reviewed for plain error. *United States v. Robertson*, 606 F.3d 943, 957 (8th Cir. 2010). To succeed on plain error review, Cooke must show the hearsay evidence prejudiced his substantial rights and, if uncorrected, would result in a miscarriage of justice. *See id.* However, Roland's statement–"I am 16 is that okay?"–is not hearsay, because it was not offered for its truth, but to provide context for Cooke's response that it is "cool" to have sex with a minor as long as she would not "narc." *See United States v. Bermea-Boone*, 563 F.3d 621, 626 (7th Cir. 2009) (out-of-court statements not offered for their truth, but to provide context for defendant's admissions and to make them intelligible to the jury, are not hearsay); *United States v. Looking Cloud*, 419 F.3d 781, 787-88 (8th

-4-

Cir. 2005) (rumor that murder victim was an informant held not hearsay because it gave jury context for defendant's motive). Cooke's response is an admission, which is not hearsay. *See **United States v. Porter***, 544 F.2d 936, 938-39 (8th Cir. 1976) (defendant's out-of-court statement to detectives that he had dealt in narcotics admissible as admission of party-opponent under F. R. Evid. 801(d)(2)(A)).

Admission of the Roland-email evidence under Rule 404(b) is reviewed for abuse of discretion. ***United States v. Winn***, 628 F.3d 432, 436 (8th Cir. 2010). Rule 404(b) prohibits admission of evidence of other crimes or acts to prove the propensity of the accused to commit criminal acts. ***United States v. Turner***, 583 F.3d 1062, 1065 (8th Cir. 2009). Such evidence may be admitted to show knowledge or intent if relevant to an issue at trial, similar in kind and time to the crime charged, supported by the evidence, and its probative value outweighs its prejudicial value. ***Id.*** at 1065-66.

The Roland-email evidence was relevant to the issue at trial (Cooke's intent, or lack of mistake, in arranging sex with a minor), similar in kind and type to the charge, not too remote in time (about 14 months), and its probative value was not outweighed by any prejudice to Cooke's substantial rights. *See **id**.* Also, the district court gave a limiting instruction that diminished the danger of prejudice. *See **United States v. Strong***, 415 F.3d 902, 906 (8th Cir. 2005). The district court did not abuse its discretion by admitting the challenged Rule 404(b) evidence.

III.

During voir dire, the district court admonished the panel to answer questions truthfully. No panel members claimed knowledge of the parties, the witnesses, or the lawyers. At the end of the second day of trial, Juror No. 11 asked the judge if she could ask a question. She told the judge (outside the hearing of the jury but with attorneys present) that she had the same employer as the witness, Cooke's mother.

The judge asked her if continuing to serve would make any difference to her. She responded "No, but I am uncomfortable with it." The judge stated that they would revisit the issue "first thing" the next day. The next morning, Cooke's attorney told the judge he interpreted the juror's comments to mean that she was "leaning toward a government verdict" and that "we really don't have much of a problem with it as far as–if she's excused." The judge advised that he was inclined to dismiss the juror, but did not want to do it until time to excuse the alternate. After the jury-instruction conference, the judge said he was excusing Juror No. 11 because she was uncomfortable serving on the jury. The judge told the parties that "as I understand it, the defendant does not object, the Government does object." Cooke's attorney made no response to the judge's understanding. After closing arguments, the judge asked Juror No. 11 to remain seated, while the others retired to deliberate.

Cooke argues on appeal that the district court erred in dismissing Juror No. 11. Cooke has, however, waived any challenge to this dismissal. Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). By saying that Cooke did not have a problem with excusing Juror No. 11 (because she favored the government), and by not responding to the judge's understanding that he did not object to Juror No. 11's dismissal, Cooke waived any right to challenge that dismissal. *See United States v. Booker*, 576 F.3d 506, 511 (8th Cir. 2009). Waived claims are unreviewable on appeal. *Id.*

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____