# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2034

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Harris Bear Runner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: November 14, 2014
Filed: January 15, 2015 (Corrected January 15, 2015)
[Unpublished]

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Richard Harris Bear Runner of assault with a dangerous weapon and assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(3) and 113(a)(6). At the trial, there was substantial evidence that Bear Runner beat the victim using a long object with some sharp thing on the end (like a nail). Six months after trial—the morning of the original sentencing—Bear Runner's father

gave the court a letter claiming Bear Runner was innocent. The letter was signed by A.H. (a minor), who claimed that the victim was not assaulted, but actually fell into a barbed-wire fence. She also claimed that defense counsel refused to call her to testify at trial. The district court[1] continued the sentencing hearing, relieved Bear Runner's counsel due to a possible conflict of interest, and later appointed new counsel. Bear Runner moved for a new trial based on newly discovered evidence. After two evidentiary hearings, the district court denied a new trial. Bear Runner appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

"We review for clear abuse of discretion the district court's denial of [defendant's] motion for a new trial based on newly discovered evidence." *United States v. Bell*, 761 F.3d 900, 911 (8th Cir. 2014). "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "To prevail on such a motion, the defendant must prove that (1) the evidence was unknown or unavailable at the time of trial, (2) the defendant did not lack diligence in attempting to uncover it, (3) the newly found evidence is material, and (4) the evidence is likely to produce an acquittal if a new trial is granted." *United States v. Herbst*, 666 F.3d 504, 512 (8th Cir. 2012).

The district court did not err in denying a new trial. The author of the letter, A.H., was Bear Runner's cousin. Her testimony at the hearing, as the district court found, "differed in a number of material respects from her letter" and the trial testimony. A.H.'s letter said that both she and F.B. witnessed the incident, but A.H. later admitted that F.B. was not present (F.B. did not appear in court even though twice subpoenaed, and the parties stipulated that F.B. would not corroborate A.H.'s account). Further, Dr. Donald Habbe, a pathologist who testified that the victim's injuries were consistent with injuries from barbed wire, "did not refute . . . testimony

---

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

and conclusions that the injuries were also consistent with an object with something like a nail on the end of it." The district court found A.H.'s testimony "presented serious credibility concerns" and "serious reliability issues." The court concluded that A.H.'s testimony was unlikely to produce an acquittal at a new trial in light of the "substantial evidence . . . presented at trial to support the jury's verdicts of guilty." Since "[n]ewly discovered evidence that is not credible is not likely to result in acquittal in a second trial, . . . lack of credibility is sufficient grounds for denying a motion for new trial." *United States v. Vazquez-Garcia*, 340 F.3d 632, 641 (8th Cir. 2003).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____