# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1070
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Avila Medrano

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Bismarck
_____

Submitted: February 11, 2019
Filed: June 6, 2019
_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

A jury convicted Antonio Avila Medrano of Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance; Possession with Intent to Distribute a Controlled Substance; and Possession of a Firearm in Furtherance of a

Drug Trafficking Crime. On appeal, Medrano asserts that the district court[1] (A) abused its discretion by admitting irrelevant and prejudicial testimony regarding other firearms uncovered during a warrant search of his California residence, and (B) committed plain error by conducting a voir dire that deprived him of his Sixth Amendment right to a fair and impartial jury. After careful review, we affirm.

**A.** In early May 2015, after surveillance identified Medrano as a possible participant in suspected drug trafficking at a local hotel in Bismark, North Dakota, police detained Medrano in a traffic stop and executed a warrant search of the hotel room he had been occupying. Police seized $4,844.00 and a hotel key card from Medrano's person and 1.25 pounds of methamphetamine, drug paraphernalia, and a Sig Sauer handgun found in the hotel room. Bismark police subsequently learned that California law enforcement engaging in a parallel investigation searched Medrano's residence in Los Angeles County in late April and seized two handguns, drug paraphernalia, personal property of Medrano, and methamphetamine.

At Medrano's trial, cooperating conspirator Jenna Holzer testified that she purchased methamphetamine from conspirator Daniel Ordorica at Medrano's residence in California, where Ordorica resided. The two decided to travel to North Dakota, where Holzer had contacts, to sell methamphetamine. As they were leaving California on the second trip with two pounds of methamphetamine, Medrano jumped in Ordorica's car and the trio came to North Dakota. While there, Holzer obtained the Sig Sauer handgun at Ordorica's request. After selling methamphetamine from hotel rooms for a few days, the trio planned to head back to California in early May. At the last minute, Medrano said he was staying in North Dakota to make money "because his house got raided down there." Medrano said he needed to keep the handgun for protection.

---

[1]The Honorable Daniel L. Hovland, Chief Judge of the United States District Court for the District of North Dakota.

The government's next witness was Los Angeles County Sheriff's Deputy Arnold Camacho. In the testimony at issue on appeal, Camacho testified that he had observed Medrano on the California property about a week prior to the warrant search of the property in late April. Camacho described the search in detail, including the discovery of two firearms in the main residence. The district court overruled Medrano's objection that testimony regarding the handguns was irrelevant because they were not the firearm charged in the indictment, and that the firearms should be excluded as unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. He renews this objection on appeal, an issue we review for abuse of discretion. United States v. Cook, 454 F.3d 938, 940 (8th Cir. 2006).

Medrano argues that evidence regarding the firearms seized in California was irrelevant because he was only being tried for the Sig Sauer handgun seized in the Bismark hotel room. See Fed. R. Ev. 402 ("Irrelevant evidence is not admissible."). It is well-settled that a district court "has broad discretion in determining relevancy of proposed evidence." United States v. Johnson, 516 F.2d 209, 214 (8th Cir. 1975). Jenna Holzer's testimony directly linked Medrano's home in California to the charges that he conspired to distribute and possessed with intent to distribute methamphetamine. Thus, it was well within the district court's discretion to find that evidence of drug trafficking seized in the warrant search of Medrano's California property, including two firearms, was relevant to the drug charges being tried in North Dakota. "[W]hen evidence of other crimes is so blended or connected, with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged." United States v. Fleck, 413 F.3d 883, 890 (8th Cir. 2005), quoting United States v. Forcelle, 86 F.3d 838, 841 (8th Cir. 1996).

Medrano argues that Deputy Camacho's testimony about the guns found in California should have been excluded because "its probative value is substantially

outweighed by a danger of . . . unfair prejudice." Rule 403. The testimony was highly prejudicial, Medrano argues, because Camacho testified that one gun was reported stolen and the other was found hidden near a children's bedroom with its serial number filed off, which is "commonly seen where people steal a firearm." "We accord great deference to the district court's application of the Rule 403 balancing test and will reverse only for a clear abuse of discretion." United States v. Kime, 99 F.3d 870, 878 (8th Cir. 1996), cert. denied, 519 U.S. 1141 (1997); see United States v. Abel, 469 U.S. 45, 54 (1984). Here, finding guns in Medrano's home with other evidence of drug trafficking was probative of the charged drug offenses. It also tended to corroborate Holzer's testimony that Medrano kept the Sig Sauer handgun for protection while he stayed in North Dakota to sell more methamphetamine. That the guns found in his home in California appeared to be stolen and one was hidden under a stair near the children's bedroom was not *unfairly* prejudicial.

**B.** During voir dire, the district court permitted both counsel to question potential jurors. Counsel for Medrano asked if there is "anyone here who might have a problem with" the fact that "we have a Hispanic man from California who is charged in this case." Four potential jurors made statements reflecting possible bias. None was challenged for cause; all were excluded after counsel exercised their respective peremptory challenges. The twelve selected jurors were then seated. Defense counsel raised no objection to the jury selection process.

On appeal, Medrano argues for the first time that statements made by four potential jurors during voir dire violated his Sixth Amendment right to trial "by an impartial jury" because, although none of the four served on the jury, their opinions stated during voir dire "made Medrano feel that the jury was already stacked against him and they were." Without identifying what plain error the district court committed, Medrano urges us to remand for a new trial based on this violation of his right to a fair and impartial jury. In general, the district court has substantial discretion in

conducting voir dire.  See United States v. Blom, 242 F.3d 799, 805 (8th Cir.), cert denied, 534 U.S. 880 (2001).

"In determining whether [Medrano's] jury was fair and impartial, we must focus on the jury that was actually seated." United States v. Allee, 299 F.3d 996, 1000 (8th Cir. 2002).  "So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated."  Ross v. Oklahoma, 487 U.S. 81, 88 (1988).  Medrano asserts that comments by the four potential jurors tainted the entire panel, including the twelve who served as the trial jury.  But he did not raise this issue during voir dire, or after the trial jury was selected, when its merit could have been explored.  Rather, the voir dire testimony reflects only that the jurors who were ultimately seated could base their decision on the evidence presented.  Therefore, "the impartiality of the jury is adequately supported by the record." United States v. Mercer, 853 F.2d 630, 633 (8th Cir. 1988), cert. denied, 490 U.S. 1110 (1989).

For the foregoing reasons, the judgment of the district court is affirmed.

_____