# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1267
_____

United States of America

*Plaintiff - Appellee*

v.

Mario B. Long, Sr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri
_____

Submitted: January 17, 2025
Filed: February 11, 2025
[Unpublished]
_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

In August 2020, Mario Long, Sr., assaulted his girlfriend and threatened her and her daughter with a firearm. Following a trial, he was convicted of unlawfully possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He raises three challenges to his conviction on appeal, arguing: (1) his rights under the Speedy Trial

Act, 18 U.S.C. §§ 3161–3174, were violated; (2) the district court[1] improperly admitted evidence of his prior convictions; and (3) section 922(g)(1) is unconstitutional as applied to him. Finding no error, we affirm his conviction.

Under the Speedy Trial Act, trial must "begin within 70 days after a defendant is charged or makes an initial appearance unless the running of the time is stopped for reasons set out in the statute." *United States v. Herbst*, 666 F.3d 504, 509 (8th Cir. 2012) (quoting *United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007) (en banc)). This 70-day clock stops running when the trial judge grants a motion to continue "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Long challenges the district court's findings that the government's requested three-month continuance for DNA testing tolled the speedy trial clock.[2] "[W]e review the district court's factual findings [for purposes of the Speedy Trial Act] for clear error and its legal conclusions de novo." *United States v. Villarreal*, 707 F.3d 942, 953 (8th Cir. 2013) (alterations in original) (quoting *Herbst*, 666 F.3d at 509).

On April 26, 2023, the government sought a three-month continuance for DNA testing of a buccal swab collected from Long after the laboratory stated results would take "at least 12 weeks." The district court granted the motion and reset the trial from May 8, 2023, to August 7, 2023, concluding the ends of justice served by the continuance outweighed the interests in a speedy trial. Long asserts this delay was not excludable because the government had failed to diligently prepare by waiting to collect his DNA for testing until thirty months after he was indicted. *See*

---

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri, now retired.

[2]Long also challenges the excludability of a continuance granted due to the unavailability of a government witness. Even if this continuance was not excludable, more than 70 countable days would not have passed under Long's own calculation unless the DNA testing continuance was also improper.

18 U.S.C. § 3161(h)(7)(C). The district court did not clearly err in finding the government acted diligently. Once the government collected the buccal swab, it took the sample to the lab that day, inquired when testing would be completed, and filed a continuance the following day after learning that results would take twelve weeks. These actions by the government are nearly identical to ones of which we have previously approved as demonstrating diligence. *See Villarreal*, 707 F.3d at 954. Long argues *Villarreal* is inapplicable given the greater delay from indictment to testing here, but he has not shown that the government had any obligation to collect his DNA for testing at an earlier date besides its general duty to prepare cases for trial. *See id.* Long's many motions and requests for continuance, not the government's inaction, were the primary cause of the length of time between his indictment and the trial date that was continued for DNA testing. The challenged continuance was the government's first request to postpone trial, and it arose once the government learned the extent of the issues Long planned to contest at trial. Thus, while the government should actively prepare its cases during trial delays caused by the defendant in order to protect the public's interest in a speedy trial, under these circumstances, the district court did not clearly err by finding the government acted diligently. The delay therefore was excludable, and no Speedy Trial Act violation occurred. *See* 18 U.S.C. § 3161(h)(7)(A).

Long next challenges the admission of two exhibits under Federal Rules of Evidence 403 and 404(b). These exhibits were a certified copy of the criminal complaint, indictment, and judgment for Long's prior convictions for unlawful possession of a firearm by a felon and unlawful use of a firearm, including the circumstances surrounding those convictions. We review a district court's evidentiary rulings under Rules 403 and 404(b) for abuse of discretion. *See United States v. Medrano*, 925 F.3d 993, 996 (8th Cir. 2019); *United States v. Aldridge*, 664 F.3d 705, 713 (8th Cir. 2011). Even if the district court erred in admitting this evidence, we will not reverse Long's conviction unless "the erroneous evidentiary ruling had a substantial influence on the jury's verdict." *Aldridge*, 664 F.3d at 714 (quoting *United States v. Henderson*, 613 F.3d 1177, 1183 (8th Cir. 2010)). In this case, the admission of the exhibits was harmless because the jury never saw them.

The parties agreed the jury would see the exhibits only if a party wanted to publish a certified copy of the convictions or if the jury requested to view it. Neither occurred. While the jury knew Long had these prior convictions due to other testimony and the parties' stipulation, the specific content of these exhibits was not discussed in the jurors' presence. Thus, the exhibits had no substantial influence on the jury's verdict, so their admission was harmless. *See Aldridge*, 664 F.3d at 714.

Finally, Long challenges the constitutionality of 18 U.S.C. § 922(g)(1) as applied to him. Circuit precedent forecloses his argument that the Second Amendment prohibits a ban on firearm possession by all persons previously convicted of a felony. *See United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024); *United States v. Jackson*, 110 F.4th 1120, 1125–26 (8th Cir. 2024). The district court therefore did not err in denying his motion to dismiss the indictment.[3]

_____

_____

[3]Even if Long could bring an as-applied challenge to section 922(g)(1), he would not likely prevail as he has multiple past convictions for violent felonies, including one as recent as 2013. *See United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024); *see also United States v. Jackson*, 85 F.4th 468, 470–72 (8th Cir. 2023) (Stras, J., dissenting from denial of reh'g en banc) (explaining that, based on Founding-era history, the government can strip "dangerous" individuals of their firearms).