UNITED STATES of America, Appellee,

v.

Fahmy Mohamad ELDEEB, Appellant.

No. 93–3009.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1993.

Decided March 31, 1994.

Rehearing Denied May 5, 1994.

Scott Tilsen, Minneapolis, MN, argued, for appellant.

Richard G. Morgan, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before JOHN R. GIBSON * and MORRIS SHEPPARD ARNOLD, Circuit Judges, and HENRY WOODS,** District Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Fahmy Mohamad Eldeeb was convicted of four counts of trafficking in food stamps in violation of 7 U.S.C. § 2024(b). The evidence presented at trial included the testimony of an undercover agent who had sold food stamps to Eldeeb for cash at less than their face value and had purchased a gun from Eldeeb with food stamps in the summer of 1991. The government also presented the testimony of Anthony J. Troeger, a special agent with the United States Department of Agriculture, who had conducted the investigation of Eldeeb's activities. Troeger interviewed Eldeeb on January 19, 1993, using a questionnaire that Eldeeb reviewed and signed at the conclusion of the interview. Among other things, the questionnaire, which the trial court found to be admissible, was designed to establish that the interviewee, in this case Eldeeb, knew the rules and regulations of the food stamp program and knew that exchanging food stamps for cash and accepting food stamps as payment for goods other than food were illegal. Eldeeb was arrested the following day.

Eldeeb argues that his conviction must be reversed for three reasons. First, he argues that the interview on January 19 was inherently coercive and that the questionnaire therefore should have been suppressed. His second argument is that the trial court improperly omitted from the jury instructions the specific evidentiary requirement that the absence of entrapment be proved beyond a reasonable doubt. Finally, in a supplemental brief filed after the government had filed its brief, Eldeeb argues that because the interview occurred after Eldeeb had been indicted, the interview should not have taken place without Eldeeb having been advised of his constitutional rights, and that suppression of the questionnaire was therefore required.

## I.

In order for Eldeeb to convince us that the questionnaire should have been suppressed because he was coerced into answering Troeger's questions, he must demonstrate that the circumstances of the interview were in fact coercive. In reviewing a trial court's finding that statements were made voluntarily, we distinguish between the trial court's factual findings as to the circumstances of the statements and the legal sufficiency of those findings to show voluntariness: we will overturn the former only if clearly erroneous; the latter, however, is subject to review de novo. United States v. Bartlett, 856 F.2d 1071, 1084–85 (8th Cir. 1988). The trial court [1] found that the circumstances were not coercive and denied Eldeeb's motion to suppress. This finding is not clearly erroneous. Troeger arrived at Eldeeb's store during business hours, identified himself, and asked Eldeeb to answer questions about the food stamp program. Eldeeb agreed to do so. The interview was interrupted several times while Eldeeb helped customers. At the end of the interview Eldeeb reviewed the questionnaire, made changes, and signed it. The record plainly supports the trial court's findings that the statements were not made as a result of any threats, coercion, promise, or deceit on the part of Troeger.

## II.

Eldeeb contends that his conviction should also be reversed because the trial

---

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Diana E. Murphy, Chief United States District Judge for the District of Minnesota ruled on the pretrial motions.

court[2] failed to instruct the jury that the government must prove beyond a reasonable doubt that the defendant was not entrapped. It is clear that when entrapment is an issue, the government must prove the absence of entrapment beyond a reasonable doubt. *Jacobson v. United States*, — U.S. —, —, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992); *United States v. Pardue*, 983 F.2d 835, 841 (8th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 3043, 125 L.Ed.2d 728 (1993). Eldeeb was entitled to an instruction on entrapment, however, only if there was evidence that "(1) government agents implanted the criminal design in his mind, and (2) government agents induced him to commit the offense." *United States v. Huff*, 959 F.2d 731, 737 (8th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 162, 121 L.Ed.2d 110 (1992). Such evidence must have been sufficient to allow a reasonable jury to find entrapment. *Mathews v. United States*, 485 U.S. 58, 62, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988). Because the evidence was not sufficient to support the conclusion that Eldeeb had been entrapped, Eldeeb was not entitled to an instruction on entrapment. The trial court's failure to include the evidentiary burden in its instruction was, therefore, harmless.

### III.

■ Eldeeb's final argument is that the trial court erred when it found the questionnaire to be admissible because although the evidence presented to the court at a pretrial hearing supported the court's conclusion that the interview of January 19 occurred before Eldeeb was indicted, the record reveals that Eldeeb was in fact indicted on January 6, 1993, almost two weeks before the interview. Eldeeb claims, therefore, that he was entitled to legal counsel at the time of the interview; since he was questioned without having been advised of his right to counsel, the questionnaire and related testimony, he argues, should have been excluded from trial and his conviction should be reversed.

■ Eldeeb's argument is untimely because his initial brief omitted this issue. An appellant's brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor." Fed.R.App.P. 28(a)(5). Our general rule is that "a party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985). That rule applies in criminal as well as civil cases. *United States v. Sutera*, 933 F.2d 641, 645 (8th Cir.1991) (criminal); *Hatley v. Lockhart*, 990 F.2d 1070, 1073 (8th Cir.1993) (petition for writ of habeas corpus following conviction in state court); *Jasperson, supra*, 765 F.2d at 740 (civil).

Even if we were to exercise our discretion to consider an issue not raised in the initial brief, see *Hatley, supra*, 990 F.2d at 1073, we can find no issue here that can be the subject of appellate review. Eldeeb challenged the use of the questionnaire prior to trial. At a hearing held to resolve several pretrial motions, Troeger testified that he believed that Eldeeb had been indicted after the interview. Although the indictment indicates that it was filed on January 6, the docket sheet indicates that it was filed on January 20 because the indictment, when originally filed, was secret. Apparently no one checked the indictment itself (on which the actual date of indictment is stamped) until Eldeeb prepared this appeal. The trial court found that Troeger's interview of Eldeeb occurred before the indictment and denied the motion to suppress the questionnaire. We cannot say that on the record before it the trial court erred.

Although Eldeeb may have (or may have had) grounds for a motion for a new trial because of newly discovered evidence (the actual date of the indictment), or a claim of ineffective assistance of counsel (perhaps the failure to discover the date of the indictment), or some other grounds for a collateral attack on his conviction, he cannot obtain relief by means of a direct appeal. A motion for a new trial is properly directed to the district court. *See* Fed.R.Crim.P. 33. And a claim of ineffective assistance of counsel must

---

**2.** The Honorable Harry H. McLaughlin, Senior United States District Judge for the District of Minnesota.

be raised by a motion under 28 U.S.C. § 2255.

### IV.

For the reasons given, we affirm Eldeeb's conviction in all respects.