# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-1922

_____

United States of America,

*Appellee*

v.

Andrew Hyer,

*Appellant*

_____

Appeal from the United States District Court
for the Eastern District of Missouri

_____

Submitted: January 17, 2013
Filed: February 13, 2013
[Unpublished]

_____

Before BYE and MELLOY, Circuit Judges, and KOPF,[1] District Judge.

_____

KOPF, District Judge.

Andrew Hyer ("Hyer") appeals from his conviction on two counts of possession of child pornography. One count involved Hyer's activities in 2005 and the other involved Hyer's activities in 2009. He challenges the sufficiency of an affidavit for

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

search warrant and the prison sentence he received. We affirm the district court's decisions challenged on appeal.[2]

We first address Hyer's challenge to the affidavit for search warrant which the district court found was sufficient. Summarized and condensed, the affidavit provided the following information: (1) On March 7, 2009, the St. Louis Police Department received two "cyber" tips from the National Center for Missing and Exploited Children that America Online, Inc., ("AOL") was reporting that on March 6, 2009, and only minutes apart, a certain e-mail address uploaded two images of apparent child pornography; (2) pursuant to a subpoena dated March 26, 2009, AOL produced records that the e-mail address provided by the "cyber" tips was registered to a person with the name of Drew Hyer who lived at 625 Westwood Drive; (3) a police officer viewed the images and determined that the images revealed two minor boys engaging in sexually explicit conduct; (4) based on the foregoing information, a check of police records was conducted and revealed that a person by the name of Andrew Joseph Hyer, was arrested on February 11, 2005, that person gave a specific social security number and that person's address was 625 Westwood; (5) during the prior arrest, Andrew Joseph Hyer admitted possessing child pornography and a subsequent analysis of his computer revealed hundreds of images of what appeared to be child pornography; (6) tax records, utility records, records from the United States Postal Inspectors Service, and physical surveillance revealed that a person by the name of Andrew Hyer or Drew Hyer was residing at 619 Westwood Drive and that the residence at 625 Westwood Drive was vacant; and (7) based upon substantial experience with, and training in, child pornography investigations, the "affiant knows . . . that persons involved in the downloading, possession, and distribution of child pornography tend to do so from the privacy of their own homes."

---

[2]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

On May 9, 2009, a warrant was issued to search Hyer's home and any computer and related devices and media found therein. Not surprisingly, the subsequent search resulted in the finding of child pornography.

"To determine whether probable cause exists to support a search warrant we look at the 'totality of the circumstances.'" *United States v. Reinholz*, 245 F.3d 765, 776 (8th Cir. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 230, 235 (1983)). "A warrant is supported by probable cause if there is a fair probability that contraband or evidence of a crime will be found in the place to be searched." *Id.* (quotation and citation omitted). "We assess probable cause from the viewpoint of a reasonably prudent police officer acting in the circumstances of the particular case." *Id.* (internal citations omitted). "[P]robable cause is a practical, factual, and nontechnical concept, dealing with probabilities." *Id.* "The determination of whether or not probable cause exists to issue a search warrant is to be based upon a common-sense reading of the entire affidavit." *United States v. Sumpter*, 669 F.2d 1215, 1218 (8th Cir. 1982) (quotation and citation omitted). Applying these standards, the affidavit was plainly sufficient.

In particular, we are unmoved by Hyer's argument that the 2005 arrest information was too stale to rely upon. "There is no bright-line test for determining when information is stale." *United States v. Knoelling*, 992 F.2d 817, 822 (8th Cir. 1993) (child pornography case). Indeed:

> Whether the averments in an affidavit are sufficiently timely to establish probable cause depends on the particular circumstances of the case, and the vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit. . . . Time factors must be examined in the context of a specific case and the nature of the crime under investigation.

*Id.*

-3-

Given the compulsive nature of the crime of possession of child pornography, information that might, in other circumstances, be deemed stale can have substantial probative value. Thus, information about Hyer's prior child pornography activities and use of a computer, even though several years old, was certainly relevant to a common sense determination about whether to issue a warrant when that information was coupled with information showing that Hyer had likely downloaded child pornography to a computer very recently.

Also, we are not persuaded by Hyer's argument that the affidavit failed to show a sufficient connection between the alleged criminal activity and the place and object to be searched, that is, Hyer's residence and the computer located therein. Indeed, we have said that "'[t]he observation that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the cases. Since the materials are illegal to distribute and possess, initial collection is difficult. Having succeeded in obtaining images, collectors are unlikely to [ ] destroy them. Because of their illegality and the imprimatur of severe social stigma such images carry, collectors will want to secret them in secure places, like a private residence.'" *United States v. McArthur*, 573 F.3d 608, 613-614 (8th Cir. 2009) (finding affidavit for a search warrant in a child pornography case sufficient) (citation omitted).

Next, we turn to Hyer's argument that his sentence was substantively unreasonable. Hyer was given a low-end Guidelines sentence totaling 135 months[3] in prison and a lifetime of supervised release under stringent conditions. In addition to a base offense level of 18, Hyer received upward adjustments because the material involved prepubescent minors, the material portrayed sadistic or masochistic conduct, a computer was used, at least 600 images were involved, and he obstructed justice.

---

[3]The statutory maximum was 120 months for each count. The 135-month sentence consisted of a term of 120 months on one count and 120 months on the other count, 15 months of which ran consecutive to the first count.

Thus, his total offense level was 33 and his criminal history was I.[4]   The custodial range under the Guidelines was 135 months to 168 months in prison.  The supervised release range was 5 years to life.

Hyer's primary argument is that the child pornography Guidelines are not empirically based and those Guidelines provide no useful guidance.  However, a "presumption of reasonableness will be applied to sentences within the guideline range, even if the sentence is derived from a guideline that was the product of congressional direction rather than [an] empirical approach."  *United States v. Black*, 670 F.3d 877, 882 (8th Cir. 2012) (child pornography possession case) (quotation and citation omitted).

 Hyer possessed hundreds of child pornography images in 2005 and then again in 2009.  Given the 2005 investigation, Hyer knew that his illegal conduct was very serious, yet he persisted in this behavior.  Hyer possessed more than 300 illegal images in 2005 and over 1000 illegal images in 2009.  Some of the images were of very young children and some of the images involved sadistic or masochistic conduct.  Although Hyer's criminal history category of I was the lowest possible, his illegal activity in 2005 and then again in 2009 could have suggested to a reasonable judge that a 135-month prison sentence was required to incapacitate and deter the defendant and that a lifetime of supervision under strict conditions was warranted to protect the public when Hyer got out of prison.

We have upheld similar sentences in similar cases, and we see nothing that is substantively unreasonable in this one.  *See*, *e.g.*, *United States v. Morais*, 670 F.3d 889 (8th Cir. 2012) (concluding, where defendant pleaded guilty to two counts of possessing child pornography, where 97 to 121 months was the custodial range, and where the total offense level was 30 and defendant's criminal history category was I,

--------------------------------------------------

[4]On appeal, Hyer does not challenge the accuracy of the Guidelines computation.

a low-end Guidelines sentence of 97 months in prison plus a life time of supervision was not substantively unreasonable).

The judgment and sentence is affirmed.