# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2552

_____

United States of America

*Plaintiff - Appellee*

v.

Dennis Gale Chase

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 15, 2013
Filed: June 25, 2013
[Published]

_____

Before SMITH, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Appellant Dennis Chase of three counts of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1), (b)(1) and three counts of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2).

On appeal, Chase argues that the district court[1] improperly denied his motion to suppress because there was insufficient probable cause to support the initial warrant to search his residence. Chase also claims that the district court's denial of an entrapment-defense jury instruction deprived him of his due process right to a fair trial. Finally, Chase argues that there was insufficient evidence to support his convictions and that his sentence was unreasonable. We address, and reject, each claim in turn.

First, we hold that sufficient probable cause supported the search warrant. Chase argues specifically that the warrant failed to establish a nexus between the items to be seized—child pornography—and the location to be searched—Chase's residence. We reject this argument because "[t]he observation that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the cases." United States v. Hyer, 498 F. App'x. 658, 660–61 (8th Cir. 2013) (alteration in original) (citation and internal quotation marks omitted).

Second, we reject Chase's claim that the district court's refusal to instruct the jury on the entrapment defense violated his due process right to a fair trial. "We review the district court's denial of a proffered legal defense de novo." United States v. Young, 613 F.3d 735, 743 (8th Cir. 2010). "To the extent that the district court's legal conclusion regarding whether [Chase's] defense theory accurately reflected the law was based on factual findings, we review for clear error." Id. at 744. Here, the district court properly held that there was insufficient evidence for a reasonable jury to find entrapment. See id. at 746 ("[A] defendant is entitled to an entrapment instruction only where 'there is sufficient evidence from which a reasonable jury

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.

could find entrapment.'" (quoting Mathews v. United States, 485 U.S. 58, 62 (1988)). Chase presented no evidence to show that the government induced him, and the evidence established that Chase was predisposed to commit the offense. See Mathews, 485 U.S. at 63 ("[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct.").

Third, we conclude that the district court properly denied Chase's motion for judgment of acquittal based on the sufficiency of the evidence. Chase argues that the district court's refusal to instruct the jury on the affirmative defense of entrapment meant that the evidence presented to the jury was not constitutionally sufficient to justify a conviction. Because we determined that the entrapment instruction was properly denied, this argument has no merit. Further, the district court properly determined that sufficient evidence supports the jury's verdict. United States v. Wells, 646 F.3d 1097, 1102 (8th Cir. 2011) (standard of review).

Finally, we reject Chase's claims regarding his sentence. Chase challenges his sentence on two grounds. First, he challenges a five-level enhancement under U.S. Sentencing Guidelines Manual Section 2G2.2(b)(3)(B) for "distribution [of child pornography] for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." The government argues that this enhancement is proper because Chase distributed child pornography on a file-sharing network with the expectation of receiving child pornography in return. "[W]hether a defendant qualifies for the five-level enhancement must be decided on a case-by-case basis, with the government bearing the burden of proving that the defendant expected to receive a thing of value—child pornography—when he used the file-sharing network to distribute and access child pornography files." United States v. Bastian, 603 F.3d 460, 466 (8th Cir. 2010) (alteration in original) (citation and internal quotation marks omitted). "The government can meet its burden with direct evidence, such as an admission by the defendant that he knew he was using a file-sharing network, and could download files

from others who could download files from him." Id. Once the government meets this burden, a defendant must "show 'concrete evidence' of his ignorance as to distribution in order to defeat a finding with respect to distribution." United States v. Dolehide, 663 F.3d 343, 347–48 (8th Cir. 2011) (quoting United States v. Dodd, 598 F.3d 449, 452 (8th Cir. 2010)). In this case, the government met its burden by presenting evidence that Chase knew he was using a file-sharing network. Chase failed to provide concrete evidence of his ignorance as to distribution. Further, the government established that Chase expected to—or did—receive a thing of value in exchange for distributing child pornography. See id. (stating that a defendant expected to receive a thing of value "by virtue of the fact of sharing (uploading) and receiving (downloading) shared images via the file-sharing network"). Therefore, the five-level enhancement was proper.

Chase also claims that the sentence imposed is greater than necessary to achieve the objectives under 18 U.S.C. § 3553(a). Specifically, Chase argues that the district court did not give enough consideration to his age, his need to care for his ailing mother, and his health problems. However, the district court considered these factors, but determined a 292-month sentence was appropriate considering the seriousness of the offense, the lack of remorse and regret exhibited by Chase, his criminal history, and various other factors. The district court's presumptively reasonable sentence—which was at the bottom of the calculated guideline range—does not constitute an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (standard of review).

For the foregoing reasons, we affirm.

_____

-4-