# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1178

_____

United States of America

*Plaintiff - Appellee*

v.

David Lee Ardrey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: November 21, 2013
Filed: January 16, 2014

_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

_____

BEAM, Circuit Judge.

David Lee Ardrey appeals after a jury found him guilty of the charge of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). The

district court[1] sentenced Ardrey to concurrent sentences of 262 months' imprisonment. Ardrey's sole argument on appeal is that the district court erred in refusing to give an entrapment instruction to the jury. We affirm.

## I.    BACKGROUND

In June 2011, Lauren Breedlove faced significant drug charges. In an effort to reduce her potential punishment, Breedlove's fiancé (now husband), Lane Phillips, contacted the local police department and offered to provide information relating to criminal activity. Phillips told an officer that he would be driving into Sturgeon, Missouri, at a specific time, accompanied by Ardrey, a parole violator who had outstanding arrest warrants. Phillips offered to assist the officers in apprehending Ardrey, in exchange for a possible benefit for Phillips' fiancé, Breedlove.

Local officers coordinated a plan and requested assistance from the county sheriff's department. An officer instructed Phillips to drive into Sturgeon, Missouri, and to display his front license plate on his dashboard so that a traffic stop could be made. All went as planned. At the time of the stop Ardrey was seated in the front passenger seat of the vehicle and Breedlove was in the back. Officers approached the vehicle and removed Phillips, the driver, because he did not have proper identification. A second officer asked Ardrey for identification and Ardrey provided a false ID card, which the officer ran, and learned belonged to a deceased man. When asked for his real name, Ardrey attempted to forcefully push past them. Officers handcuffed Ardrey, recovered a knife from his waistband, and placed him in a patrol car. But his resistence did not end there. With Phillips' consent, officers began to search the car. During this time, Ardrey kicked out the passenger window of the police vehicle and tried to escape. Now subdued with leg restraints, Ardrey stated to

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

the officers that there were items in the car that did not belong to the other passengers. According to testimony, Ardrey stated that there was a gun in his bag and that he wanted to take responsibility for any charges related to the gun.

Officers recovered a loaded .410 shotgun from a duffel bag on the floorboard of the front passenger side of the car where Ardrey had been seated. Rounds of ammunition were taped to the butt of the gun and several others were inside the bag. Also recovered from the duffel bag was a drawstring bag with holes cut out of it to make a mask. An officer testified that Ardrey explained that he possessed the mask to "make money." Phillips testified that the entire ride occurred because Ardrey had called Phillips asking for a ride to Moberly, Missouri, because he was going to hop a train and rob a bank.

At trial, Ardrey's counsel sought an entrapment instruction. It is Ardrey's claim that he has never used a gun and had no intent to possess a gun in this case. According to Ardrey, what actually happened was that as Phillips' car was being pulled over, Phillips reached below his seat, pulled out a gun and handed it to Ardrey, asking Ardrey to "take the weight for it," which Ardrey further testified meant to "take the blame for this for Lauren because if you don't, she's going down."

At trial Ardrey pointed out that although he had multiple past convictions, none of them involved guns. Ardrey additionally introduced the testimony of Tricia Reed, his girlfriend as well as Breedlove's mother, who had seen Ardrey off the morning of this particular trip, and testified that Ardrey did not have a gun. The district court denied Ardrey's entrapment defense instruction. The jury convicted Ardrey of all charges and the district court sentenced him to 262 months' imprisonment, the low end of the Guidelines range. This appeal followed.

## II.    DISCUSSION

This court reviews "the district court's denial of a proffered legal defense de novo." United States v. Young, 613 F.3d 735, 743 (8th Cir. 2010). "'To the extent that the district court's legal conclusion regarding whether [Ardrey's] defense theory accurately reflected the law was based on factual findings, we review for clear error.'" United States v. Chase, 717 F.3d 651, 653 (8th Cir. 2013) (quoting Young, 613 F.3d at 743)).

"Entrapment is an affirmative defense that requires a defendant to present evidence that a government agent 'implant[ed] in an innocent person's mind the disposition to commit a criminal act.'" United States v. Havlik, 710 F.3d 818, 823 (8th Cir. 2013) (alteration in original) (quoting Jacobson v. United States, 503 U.S. 540, 548 (1992)). "[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." Mathews v. United States, 485 U.S. 58, 63 (1988). Only if there is sufficient evidence from which a reasonable jury could find entrapment is the instruction warranted. Id. at 62. Here, the district court properly held that there was insufficient evidence for a reasonable jury to find entrapment.

First, even assuming Ardrey's claim that Phillips handed him the firearm at the scene of the stop and asked Ardrey to take the blame for its possession, Ardrey failed to establish that there was government inducement of this crime. "Inducement exists when the government 'implanted the criminal design' in the defendant's mind." Young, 613 F.3d at 747 (quoting United States v. Eldeeb, 20 F.3d 841, 843 (8th Cir. 1994)). Here, while the government certainly agreed to coordinate the traffic stop with Phillips, it did so only to effectuate the arrest of Ardrey on outstanding warrants. Phillips was *not* acting as an agent of the government when he allegedly induced Ardrey to take the blame for the gun. Even if Phillips did transfer the weapon to

Ardrey, he did it on his own volition and to further his own purpose, not as someone who was acting as a government agent.

Because Ardrey is unable to establish that there was any government involvement or inducement relevant to the instant charge, we need not discuss whether Ardrey was predisposed to engage in the relevant conduct. The failure of the first element defeats the entrapment instruction altogether. <u>See</u> <u>id.</u> at 746-47.

## III. CONCLUSION

Accordingly, we affirm the district court's denial of Ardrey's request to instruct the jury on an entrapment defense.

_____