# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2499

_____

United States of America

*Plaintiff - Appellee*

v.

Loyton Scott Francis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: January 14, 2014
Filed: January 17, 2014
[Unpublished]

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Loyton Francis directly appeals after he pleaded guilty to possessing child pornography and the District Court[1] sentenced him to 120 months in prison, plus a

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

lifetime term of supervised release.  His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that (1) Francis's lifetime term of supervised release is substantively unreasonable and (2) Francis was improperly denied credit for acceptance of responsibility.

Upon careful review, we first conclude that the District Court did not err in denying Francis credit for acceptance of responsibility or otherwise commit any significant procedural error at sentencing.  See United States v. Boettger, 316 F.3d 816, 817 (8th Cir. 2003) (noting that appellate court reviews district court's acceptance-of-responsibility findings for clear error, giving great deference to court's factual determinations and reversing only if finding is so clearly erroneous that it lacks foundation, and concluding that district court did not err in finding defendant's conduct inconsistent with acceptance of responsibility); see also United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (noting that appellate court reviews imposition of sentences under deferential abuse-of-discretion standard, first ensuring that district court committed no significant procedural error and then considering the substantive reasonableness of sentence imposed).  We further conclude that Francis's lifetime term of supervised release is not substantively unreasonable.  See United States v. Hyer, 498 F. App'x 658, 660 (8th Cir. 2013) (rejecting challenge to substantive reasonableness of lifetime term of supervised release because, inter alia, term fell within Guidelines range of five years to life); cf. United States v. Munjak, 669 F.3d 906, 907–08 (8th Cir. 2012) (observing in case involving child-pornography offense that defendant's sentence, including supervised release for life, was not substantively unreasonable).  In addition, we have independently reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues.  Accordingly, we affirm.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964.

We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____