# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-1655

_____

United States of America,

*Plaintiff - Appellee*

v.

Luis A. Tobar,

*Defendant - Appellant*

_____

Appeal from United States District Court for the District of Nebraska

_____

Submitted: November 20, 2020
Filed: January 20, 2021

_____

Before BENTON, ERICKSON and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Luis Antonio Tobar of coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). He appeals, arguing that the district court[1] should have given instructions on entrapment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Tobar is entitled to an entrapment instruction only if "there is sufficient evidence from which a reasonable jury could find entrapment." *United States v. Herbst*, 666 F.3d 504, 511 (8th Cir. 2012). An entrapment defense has two elements: government inducement of the crime, and a defendant's lack of predisposition to commit the crime. *Id.* "Inducement exists when the government 'implanted the criminal design' in the defendant's mind." *United States v. Young*, 613 F.3d 735, 747 (8th Cir. 2010), *quoting United States v. Eldeeb*, 20 F.3d 841, 843 (8th Cir. 1994). If the defendant establishes inducement, the government has the burden to demonstrate the defendant's predisposition to engage in the crime. *Herbst*, 666 F.3d at 511-12.

"The refusal of a proffered entrapment instruction is a denial of a legal defense." *United States v. Strubberg*, 929 F.3d 969, 976 (8th Cir. 2019). This court reviews de novo. *Id.*

On April 11, 2019, the Federal Bureau of Investigation posted an advertisement on SipSap.com, a website that lists escort and prostitution services. The ad stated:

> This Kitty is ready to play. Talk sweet . . . . pet me just right . . . and this Kitty will purrrrrrr. Cum see me and you won't regret it. I love to have my soft, warm tummy licked.

Tobar tried to call the number in the ad, eventually texting with an undercover agent he thought was Kitty. They agreed to one hour of sex for $150

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

and to meet at a gas station that evening. Tobar arrived with about $2,000 in cash, alcohol that Kitty had requested, and the cell phone he used for the texts. Arrested, Tobar apologized repeatedly, admitted receiving a text that Kitty was only 15, and offered multiple explanations.

Tobar argues that the evidence was sufficient to show the government induced him to entice a minor. "Inducement may take different forms, including pressure, assurances that a person is not doing anything wrong, persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship." *United States v. Myers*, 575 F.3d 801, 806 (8th Cir. 2009). This court considers four factors to determine inducement: (1) whether the government initiated the contact; (2) the effect of the photos sent by the government; (3) whether the government introduced the topics of meeting and sex; and (4) the degree to which the government influenced the behavior of the defendant by portraying the minor as sexually precocious. *Id*.

*Factor 1.* Tobar initiated contact. Seeking a prostitute, Tobar found the Kitty ad; it was not directed or addressed to him. He called the number in the ad. When it went unanswered, he texted, "Hi beautiful" and "Are you available."

*Factor 3.* After initiating contact, Tobar introduced meeting for sex. True, the FBI's Kitty ad, suggested meeting for sex and provided the opportunity. This, however, is not determinative. *See* **Sorrells v. United States**, 287 U.S. 435, 441 (1932) ("[T]he fact that officers or employees of the government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution."). In early texts, Tobar asked, "how much ½ h"—a common way to negotiate one-half hour of sex—and "What time babe." The agent texted, "I'm kinda young if that's ok." Tobar replied, "Yes I like babe." The agent texted again, "I'm 15 hopefully that's not to young." Tobar replied, "Is your job babe" and "I yes want woman" with a female-face emoji. Within minutes, Tobar requested nude photos, texted "I want sex," and began arranging to meet in person.

Tobar asserts his texts and conduct are ambiguous. He claims he did not know Kitty's age and that SipSap is an adult website that screens out minors, including a feature to report minors offering sex. To the contrary, Tobar learned Kitty's age early on and had many chances to end contact, but rather escalated it by requesting nude photos and arranging the meeting.

*Factors 2 and 4.* The photos on the website and in the texts show a clothed female with cat-like ears and whiskers. Her age is not apparent. Kitty's profile has sexually suggestive comments. However, Kitty's texts were not sexually explicit. In fact, in response to Tobar's request for "Naked naked" photos, Kitty declined, saying "I can't I would get in trouble." To the extent Kitty's photos and behavior portray her as sexually precocious, it is only to a minor degree. *See Young*, 613 F.3d at 747.

On de novo review of the facts, this court agrees with the district court that Tobar's enticement of a minor was not induced by the government.

Even if Tobar could establish inducement, the evidence was sufficient to show he had a predisposition to entice a minor. Predisposition "focuses upon whether the defendant was an 'unwary innocent' or, instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." *Myers*, 575 F.3d at 805, *quoting Mathews v. United States*, 485 U.S. 58, 63 (1988). "[W]hen a defendant responds immediately and enthusiastically to his first opportunity to commit a crime, without any period of government prodding, his criminal disposition is readily apparent." *Id*. at 807-08.

Discovering Kitty's age, Tobar quickly asked for nude photos and a meeting to arrange sex. He responded immediately and enthusiastically, without any government prodding. Tobar claims his text, "I yes want woman," expresses a preference for an older woman, but the context refutes this. Tobar was texting other escorts—including a 28-year-old the same evening—but pursued the minor.

The district court properly refused to give entrapment instructions.

* * * * * * * *

The judgment is affirmed.

_____