# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1156
_____

United States of America

*Plaintiff - Appellee*

v.

Oswaldo Neri

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 16, 2023
Filed: December 27, 2023

_____

Before COLLOTON, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury found Oswaldo Neri guilty of possession with intent to distribute methamphetamine, and conspiracy to distribute and possess with intent to distribute meth, in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1), and 846 (conspiracy). The district court[1] sentenced him to 290 months in prison. Neri appeals, arguing that he

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

established entrapment as a matter of law, and that the district court erred by denying his proffered jury instruction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

For establishing entrapment as a matter of law, this court "must review the evidence in the light most favorable to the government." *United States v. Lard*, 734 F.2d 1290, 1294 n.2 (8th Cir. 1984), *quoting* *United States v. French*, 683 F.2d 1189, 1192 (8th Cir. 1982). "The refusal of a proffered entrapment instruction is a denial of a legal defense." *United States v. Tobar*, 985 F.3d 591, 592 (8th Cir. 2021), *quoting* *United States v. Strubberg*, 929 F.3d 969, 976 (8th Cir. 2019). "[T]his court reviews a denial of an entrapment instruction de novo." *Strubberg*, 929 F.3d at 976, *citing* *United States v. Cooke*, 675 F.3d 1153, 1156 (8th Cir. 2012).

On January 5, 2021, Neri sold about one pound of meth to undercover DEA Special Agent Matthew Meyers in a controlled buy. Agent Meyers had arranged the transaction with "Jose"—a known meth supplier in Sinaloa, Mexico. "Jose" dispatched Neri as the courier of the meth to the controlled buy. While Neri was leaving the controlled buy, investigators confirmed his identity in a traffic stop. The next week, with a search warrant, they found about six pounds of meth and drug-trafficking paraphernalia at his residence. He pled not guilty to two counts arising from the controlled buy and the search.

Neri requested a jury instruction for entrapment. The district court denied it, ruling he failed to produce sufficient evidence from which a reasonable jury could find the government induced his act. A jury found him guilty on both counts.

Neri argues that he established entrapment as a matter of law or at least was entitled to an entrapment jury instruction. The government may "investigate criminal activity through the use of undercover agents who provide an offender with an opportunity to commit an offense." *United States v. Lasley*, 79 F.4th 979, 983 (8th Cir. 2023), *citing* *Jacobson v. United States*, 503 U.S. 540, 548 (1992). The government "may not originate a criminal design, implant in an innocent person's

-2-

mind the disposition to commit a criminal act, and then induce commission of the crime." *Id*. An entrapment defense has "two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *United States v. Ardrey*, 739 F.3d 1189, 1191 (8th Cir. 2014), *quoting Mathews v. United States*, 485 U.S. 58, 63 (1988). Neri was "entitled to an entrapment instruction only if 'there is sufficient evidence from which a reasonable jury could find entrapment.'" *Tobar*, 985 F.3d at 592, *quoting United States v. Herbst*, 666 F.3d 504, 511 (8th Cir. 2012). Neri established entrapment as a matter of law if "no reasonable juror could have found beyond a reasonable doubt" that the elements of entrapment were not met. *Lard*, 734 F.2d at 1294. "The defendant bears the initial burden of production, and 'must first produce sufficient evidence that the government induced him to commit the offense.'" *Lasley*, 79 F.4th at 984, *quoting United States v. Combs*, 827 F.3d 790, 796 (8th Cir. 2016).

Neri did not meet the initial burden of production because he failed to produce sufficient evidence that the government induced his sale of meth. Inducement requires that the defendant "commit[] the criminal act at the urging of [a] government agent." *United States v. Kendrick*, 423 F.3d 803, 807 (8th Cir. 2005), *quoting United States v. Williams*, 109 F.3d 502, 508 (8th Cir. 1997). *See United States v. Kirkland*, 104 F.3d 1403, 1405 (D.C. Cir. 1997) (stating the basis for an entrapment defense is a defendant "claiming that his free will was overborne, and therefore the government cannot establish criminal intent."). *Cf. Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 349 (1963) (holding, in a Fifth Amendment case, an admission of guilt that is "the product of inducement" is "not an act of free will"). "Inducement may take different forms, including pressure, assurances that a person is not doing anything wrong, persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy, or friendship." *United States v. Myers*, 575 F.3d 801, 806 (8th Cir. 2009), *quoting United States v. Stanton*, 973 F.2d 608, 610 (8th Cir. 1992). Inducement must be more than "a favorable opportunity to commit a crime." *United States v. Harriman*, 970 F.3d 1048, 1057 (8th Cir. 2020), *citing United States v. Warren*, 788 F.3d 805, 810 (8th Cir. 2015).

Neri's decision to sell meth to Agent Meyers did not result from any government agent's act directed at Neri. On the contrary, no government agent even interacted with Neri before the controlled buy. "Jose," a private citizen selling meth, coordinated his acts. At most, the government provided only a favorable opportunity for Neri to commit a crime—which is insufficient for inducement.

Neri relies almost entirely on *United States v. Brooks*, 215 F.3d 842 (8th Cir. 2000). This court held there that a defendant could be induced by a paid confidential informant. *Id*. at 846. As a paid confidential informant, the private citizen in *Brooks* was a government agent when he threatened to cut off the defendant's heroin supply if the defendant did not sell the heroin to an undercover government agent. *Id*. at 844-45. Here, "Jose" did not wittingly cooperate with the government. And, Neri produced no evidence "Jose" induced him to sell the meth to Agent Meyers. Neri's acts were of his own free will.

Neri failed to present sufficient evidence of government inducement of the crime. Thus, the district court properly denied his proffered entrapment jury instruction because a reasonable jury could not find entrapment. If he was not entitled to the instruction, then *a fortiori*, he did not establish entrapment as a matter of law. *See United States v. Wynn*, 827 F.3d 778, 786-87 (8th Cir. 2016) ("When a defendant requests and is properly denied a jury instruction because no reasonable jury could find entrapment, as in this case, it is clear that the trial record did not establish entrapment as a matter of law.")

\* \* \* \* \* \* \*

The judgment is affirmed.

_____